**In the United States District Court
for the Northern District of Illinois**

**United States of America,
Plaintiff,**

**Case number**

**Judge**

v.

**Defendant.**

## CJA APPOINTMENT ORDER
## ORDER APPOINTING COUNSEL UNDER CJA

| | |
|---|---|
| **Person represented** | **Under seal?** ☐ Yes ☐ No |
| **Defendant number** | **Representation type** Select one |
| **Type of person represented** Select one | **Court order** Select one  **Name** |
| **Payment category** Select one | **Name of Prior Attorney** |
| **Name of appointed attorney** | |

If associate(s) will be used, list names and rate(s) if different from the CJA hourly rate.

_____       ___3/10/2026_____
**Signature of Presiding Judge or by Order of the Court**                      **Date**

**Nunc Pro Tunc Date:**            or ☐ None

---

### ORDER APPOINTING INTERPRETER UNDER CJA
*Prior authorization shall be obtained for services in excess of $900.*

**Expected to exceed $900?**        ☐ Yes ☐ No
**Prior authorization approved?**   ☐ Yes ☐ No ☐ Not applicable

_____       _____
**Signature of Presiding Judge or by Order of the Court**                      **Date**

**Nunc Pro Tunc Date:**            or ☐ None

Rev. 2212019

## Types of Representations

**Criminal Cases (CC)** An appointment in a criminal case is reported only at the district court level and may be disposed of by either adistrict or magistrate judge. A defendant in a criminal case would be charged with an offense that is (or offenses that are) a felony, misdemeanor, or petty offense under the United States Code (U.S.C.) or an assimilated crime under a state code. The title and section of the U.S.C., that identifies the offense for which the defendant is charged is listed. This information is generally obtained from the charging document (e.g. information or indictment). Criminal representations are grouped for reporting purposes by a four-digit offense code assigned to the United States Code Title and Section.

**Mental Condition Hearings (CH)** Chapter 313 of Title 18, as amended by the Insanity Defense Reform Act of 1984 (Chapter IV of the Comprehensive Crime Control Act of Page 6 (1984), provides for court-directed psychiatric or psychological examination of individuals in connection with various proceedings to determine their mental condition (e.g., mental competency of defendant to stand trial, 18 U.S.C. § 5352(a)). See Guide, Volume VII, Appendix H, which characterizes mental condition hearing appointments as either new representations of part of the case in chief.

**New Trial (NT)** A new appointment and compensation is allowed for representation in a new trial after a motion granted, a mistrialdeclared, or on reversal or remand after an appeal.

**Death Penalty Cases (D2).** An appointment for an individual charged with a death eligible offense in a federal prosecution, or in a death penalty prosecution in a federal court under a state statute or any authority other than the U.S.C. is reported as a death penalty representation. As required by 18 U.S.C. § 3005 at the outset of every capital case, courts should appoint two counsel, at least one of whom is experienced in and knowledgeable about the defense of death penalty cases. And pursuant to 21 U.S.C.§ 848(q)(4), if necessary for adequate representation, more than two attorneys may be appointed to represent a defendant in such a case.

**Civil Cases (CV)** (a) Motion Attacking Sentence (28 U.S.C. 2255) (MA). An appointment to file a motion to vacate, set aside, or correct a non-capital sentence of a prisoner in federal custody is reported as a new representation. As appeal of an order denying such motion is reported as a new representation. An appeal of an order denying such motion is reported as a new representation under the "Habeas Appeal" (HA). (b) Habeas Corpus, Non-Capital (28 U.S.C. § 2241 and 2254) (HC). An appointment tofile an application for a non-capital writ of habeas corpus is reported as a new representation. Representation during any stage of a non-capital habeas corpus proceeding is reported as a new representation, (c) Capital Habeas Corpus Petition Seeking to Vacate or Set Aside A Federal (28 U.S.C.§2255) (D3) or State (28 U.S.C.§ 2254)(D1) Death Sentence**.** An appointment to file a motion applying for a writ of habeas corpus on behalf of a federal prisoner (D3), or a person in a state custody (D1), is eported as a new representation. Pursuant to 21 U.S.C. § 848(q)(4), such individuals are entitled to appointment of one or more qualified attorneys. An appeal of an order denying such motion is reported as a new representation under the "Habeas Appeal" (HA). (d) Civil Asset Forfeiture (CF). An appointment under 18 U.S.C. 983(b)(1) for services provided by counsel in connection with certain judicial civil asset forfeiture proceedings is reported as a new representation. The individual contesting the property forfeiture must be represented by counsel appointed under 18 U.S.C. 2006A

**Additional Types of Representations** Bail Presentment (BP); Material Witness (e.g.,Grand Jury, a Court, the Congress, a Federal Agency) (WW); Probation Revocation (PR); Parole Revocation (PA); Supervised Release Hearing (SR); Motion to Correct or Reduce Sentence (Fed. R. Crim. Proc.35)(MC); Juror's Employment Rights (28 U.S.C. §1875)(JU); Action Alleging Malpractice in Furnishing Non-capital Representation Services (18 U.S.C. § 3006A(d)(1)(ML); Action Alleging Malpractice in Furnishing CJA Representational Services in a Capital Case (i.e., D1,D2,D3,or D4)(DM)Johnson Case screening (JVR) Johnson Case Representation (JHB)Other Types of Representations "Other" (OT) and provide a brief explanation. Prosecutorial Target Letter, Consultation, Prisoner Transfer (18 U.S.C. 4109(a)(2), Rule 5 Civil or Criminal Contempt Charge (face loss of liberty))

Rev. 11052018